## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT ASHLAND

| | |
|---|---|
| Archie E. Newton, Jr. )<br>1435 Mt. Zion Road )<br>Frankfort, Kentucky 40601 )<br>)<br>)<br>**PLAINTIFF**, )<br>) | CIVIL ACTION NO.: |
| v. )<br>)<br>MARATHON PETROLEUM COMPANY, LP )<br>formerly known as Marathon Petroleum Company, LLC, )<br>formerly known as Marathon Ashland Petroleum LLC )<br>("Marathon"), is a Delaware limited partnership )<br>with its principal place of business in Ohio) )<br>539 S. Main Street )<br>Findlay, Ohio 45840 )<br>)<br>)<br>    **SERVE:**    CT Corporation System )<br>                  306 West Main Street )<br>                  Suite 512 )<br>                  Frankfort, KY  40601 )<br>)<br>         **DEFENDANT** ) | _____ |

## COMPLAINT AND JURY DEMAND

Comes the Plaintiff, Archie Newton, by counsel, and for his Complaint for Damages and a Jury Demand against the above-named Defendants states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Archie Newton, is and at all times pertinent hereto was a resident of Frankfort, Franklin County, Kentucky.

2. Marathon Petroleum Company LP, formerly known as Marathon Petroleum Company, LLC, formerly known as Marathon Ashland Petroleum LLC ("Marathon"), is a Delaware limited partnership with its principal place of business located in Ohio. Marathon is authorized to and does conduct business in the state of Kentucky. Marathon is a citizen of the states of Ohio, Texas and Delaware. Marathon, as a limited partnership, has three limited partners, Marathon Oil Company, Marathon Oil Corporation and MPC Investment LLC, with MPC Investment LLC acting as the general partner. Marathon Oil Company is an Ohio corporation, with its principal place of business in Texas. Marathon Oil Corporation is a Delaware corporation, with its principal place of business in Texas. MPC Investment LLC is a Delaware limited liability company, owned by its sole member, MPC Holdings Inc., a Delaware corporation, with its principal place of business in Houston, Texas.

3. This Court has jurisdiction over claims set forth herein pursuant to the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12201 *et seq.*

4. Jurisdiction of this Court is also invoked under 28 U.S.C. § 1367, which provides supplemental jurisdiction for Mr. Newton's claims under Kentucky law. Mr. Newton's state law claims arise from the same nucleus of operative facts as his federal claims.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as the Defendant owns and operates a facility located in Boyd County, Kentucky and the actions complained of in this action took place in Boyd County, Kentucky.

## STATEMENT OF PERTINENT FACTS

6. Plaintiff Newton began his employment with Marathon in June of 2009 as a line haul pilot.

7. For over 5 years, Plaintiff Newton performed his job without incident. On July 3, 2014, Mr. Newton reported to the Defendant that he was dizzy, scared for his health and fearing a stroke or heart attack.

8. Plaintiff Newton, concerned about his health, reported the health scare to Marathon. While physicians were conducting tests to determine the cause of the dizziness, Plaintiff Newton remained off work.

9. After Plaintiff Newton was cleared by medical professionals of heart issues, neurological issues, and Meniere's disease, he sought to return to work in late 2014.

10. Marathon, acting by and through its agent, Monica Bush, APRN, refused to allow him to return to work.

11. In December 2014, Marathon requested that Plaintiff Newton have a medical exam performed by Dr. Ellen Ballard.

12. Dr. Ballard performed a 5 to 10-minute examination and concluded that Plaintiff could not return to work due to his dizziness. Defendant Marathon, acting by and through their agents, Monica Bush and Chet Smith, refused to allow Plaintiff to return to work.

13. Thereafter, Plaintiff Newton continued to see physicians in order to show Defendant that he could safely perform his job as a line haul pilot. A letter was drafted by Dr. Raleigh Jones opining that he, "do[es] not feel that there is an issue with him working

as a tug boat captain…"; and "I personally do not believe that his dizziness poses any sort of significant risk at all for him to work as a tug boat captain."

14. Additionally, the Coast Guard issued Plaintiff Newton a medical certificate and a waiver for dizziness on August 12, 2015.

15. Plaintiff Newton provided both the physician's letter and the Coast Guard waiver to Marathon's agent, Monica Bush, APRN, and he was informed that he could return to work and would just need to take a urine test prior to coming back.

16. Plaintiff Newton continued to contact the Defendant to take the required urine test and he was informed in October 2015 by Monica Bush, as agent of the Defendant, that she had "jumped the gun" on his return and that the Defendant was seeking a review by Dr. Ellen Ballard of his physician's letter.

17. In December of 2015, Dr. Ballard responded to Defendant and Plaintiff was again refused the ability to return to his job.

18. In April 25, 2016, Plaintiff received a letter from Defendant that he would be terminated from Marathon effective July 4, 2016.

19. In response to this letter, Plaintiff again requested to return to work and his request was denied on June 27, 2016.

20. On July 4, 2016, Plaintiff was terminated from his job with the Defendant.

21. Thereafter, Plaintiff filed a Charge of Discrimination with Equal Employment Opportunity Commission and received a "Right to Sue Letter" on or about August 4, 2016.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND THE KENTUCKY CIVIL RIGHTS ACT BY DEFENDANT

22.     Plaintiff realleges paragraphs one through twenty-one as though fully alleged and incorporated herein.

23.     Plaintiff is a "qualified individual with a disability" within the context of the ADA and the Kentucky Civil Rights Act (hereinafter collectively referred to as the ADA/KCRA") as: (1) Plaintiff is a qualified individual with a disability; (2) Plaintiff was perceived and/or regarded by the Defendants as an individual with a disability with limitations on his ability to effectively perform his job duties for the Defendant; and (3) Plaintiff, either with or without reasonable accommodations, is qualified and capable of performing the essential functions of the job which the Plaintiff performed for over four years with his disability or with what the Defendant regarded as a disability, dizziness.

24.     Defendant is a "covered entity" within the context of the ADA, 42 U.S.C. 12111 and the KCRA, KRS 344.

25.     During his employment with Defendant, as more fully described in the preceding paragraphs of the Complaint, Plaintiff Newton was disabled within the meaning of the ADA/KCRA as he suffered from a physical impairment—i.e. dizziness--that either substantially limited one or more major life activities of the Plaintiff; he had a record of such an impairment; and/or Defendant regarded Plaintiff as having such an impairment.

26.     Defendant acted in an arbitrary, discriminatory, and/or retaliatory manner and in bad faith towards the Plaintiff by refusing to allow him to return to his position of line haul pilot for the Defendant, even though Plaintiff had performed his job, with dizziness for over four years without incident, prior to July 3, 2014.

27. Defendant treated other similarly situated individuals with medical conditions more favorably in the terms and conditions of their employment when compared to Plaintiff.

28. As more fully alleged in the Complaint, Defendant violated the provisions of the ADA and the Kentucky Civil Rights Act, KRS Chapter 344, by discriminating and retaliating against Plaintiff by failing to make reasonable accommodations and failing to allow Plaintiff to return to his job due to Plaintiff's known physical impairment, record of impairment, and/or perceived disability ("regarded as" disabled) after Plaintiff Newton requested Defendant to provide reasonable accommodation and return him to work. Plaintiff's request would not have an undue hardship on the operations of the Defendant.

29. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination, retaliation, termination, and deprivation of Plaintiff's rights, Newton has suffered and will continue to suffer pain, humiliation, extreme and severe mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

30. Further, as a direct and proximate result of Defendant's violation of the ADA and the KCRA, as described, Plaintiff has been compelled to retain the services of counsel to enforce his rights as established by federal and state law concerning the terms and conditions of his employment relationship with Defendant which has caused serious harm to Plaintiff's employment, economic status, mental capacity, and health. Plaintiff has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

31. Defendant's discriminatory and egregious employment practices have deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

### RETALIATION BY DEFENDANT IN VIOLATION OF THE ADA AND THE KCRA

32. Plaintiff realleges Paragraphs one through thirty-one as though fully alleged and incorporated herein.

33. The ADA and the KCRA prohibit retaliation against employees who oppose violations of disability discrimination under the ADA and the KCRA.

34. Plaintiff engaged in protected activity when, among other things, Plaintiff Newton protested Defendant's decision to remove him from his job as Line Haul Pilot and refuse his return to employment. Defendant retaliated and discriminated against Plaintiff by refusing to allow him to perform his job and by refusing to allow him to return to this employment. This course of action was taken despite the fact that Plaintiff had performed the line haul pilot job with dizziness for at least four years without harming himself or others, and despite the fact that an ENT specialist opined that Plaintiff's dizziness did not pose any sort of significant risk at all for him to work as a tug boat captain.

35. Defendant, continued to deny Plaintiff's request to return him to work and then terminated his employment in July of 2016.

36. Defendant retaliated against Plaintiff with malice and/or reckless indifference to Plaintiff's federally and state protected rights.

37. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation of Plaintiff, he has suffered and will continue to suffer pain, humiliation, extreme and severe mental anguish and emotional distress, and he has suffered

and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

38. Further, as a direct and proximate result of Defendant's retaliation in violation the ADA and the KCRA, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce his rights as established by federal and state law concerning the terms and conditions of his employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

39. Defendants retaliatory employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Archie Newton, respectfully requests the following relief:

1. For a judgment against the Defendant, Marathon Petroleum Company, LP, in an amount which reasonably compensates the Plaintiff for all actual damages suffered as a direct and proximate result of Defendant's violation of the ADA and the KRS Chapter 344, including but not limited to, loss of wages and employment benefits in the past, future loss of income, past and future mental anguish, humiliation, embarrassment, and personal indignity.

2. Pre-judgment and post-judgment interest on those damages at the prevailing legal rate;

3. Punitive damages;

4. His costs expended herein including a reasonable award for attorney's fees as provided for by statute;

5. A trial by jury; and

6. Any and all other relief that this Court deems appropriate under the laws of this Commonwealth.

Respectfully Submitted,

s/ Rheanne Dodson Falkner
Rheanne Dodson Falkner
Charles W. Miller
325 West Main Street, Suite 2104
Louisville, KY 40202
(502) 583-2300
Counsel for Plaintiff